# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LightGuard Systems, Inc., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Spot Devices, Inc., a Nevada Corporation, <br><br> Defendant. | Case No. 3:10-cv-00737-LHR (WGC) <br><br> **ORDER** |

Before the court is LightGuard Systems, Inc.'s ("LightGuard") Emergency Motion to Compel. (Doc. # 74.)[1] On December 5, 2011, a hearing was held on LightGuard's motion. (Doc. # 91.) Both LightGuard and Spot Devices, Inc. ("Spot") were ordered to submit Amended Stipulated Scheduling Orders listing the depositions to be rescheduled and identifying the specific topics on which witnesses would be deposed. (*Id*.) In addition, LightGuard and Spot were ordered to file simultaneous briefs addressing Spot's claim of inadvertently producing certain documents and the alleged applicability of the attorney-client privilege. (*Id*.) On December 30, 2011, LightGuard and Spot filed simultaneous briefs (Doc. # 107 and # 109, respectively).

After reviewing the parties' briefs, the court now believes additional briefing on certain matters would be of assistance to the court. Therefore, IT IS ORDERED that LightGuard and Spot shall file supplemental briefs on the following points as they pertain to the appropriate party:

First, Spot shall clarify whether it considers all or part of Exhibit A protected by the attorney-

---

[1] Refers to court's docket number.

client privilege. If it considers all of Exhibit A protected by the attorney-client privilege, it shall explain how Exhibit A qualifies as "a communication" for purposes of the attorney-client privilege. If, however, Spot considers only part of Exhibit A protected, it shall identify which statements it considers privileged and explain the legal and factual basis on which the claim of privilege is predicated.

Second, Spot shall clarify whether it has abandoned the argument, asserted in a November 2, 2011, email (Doc. # 111-1 at 1) from Palani Rathinasamy to Adam McMillen, that Exhibit A is protected by the work product doctrine. If Spot has not abandoned the argument, then it shall explain how Exhibit A was created in anticipation of litigation and why the work product doctrine applies to Exhibit A.

Third, Spot shall explain why Exhibit N satisfies the requirements governing the applicability of the attorney-client privilege to privilege logs as discussed in *Dole v. Milonas*, 889 F.2d 885, 888 n. 3, 890 (9th Cir. 1989).

Fourth, assuming Exhibit A is "a communication," LightGuard shall clarify its argument (Doc. # 107 at 8:3-4) that Exhibit A's use in developing a "freedom to operate" plan ("FTO") by Spot and Spot's counsel, Seed IP, precludes Exhibit A from falling under the attorney-client privilege.

Fifth, LightGuard shall respond to Spot's argument (Doc. # 109 at 4, 7) that the (1) joint client and (2) functional employee doctrines shield Exhibit A from waiver.

Sixth, both LightGuard and Spot shall explain and clarify the nature of their "agreement," if any, concerning Exhibits B-L, as referenced in Spot's Opposition to LightGuard Systems' Omnibus Motion (Doc. # 109 at 8:18-24.)

IT IS FURTHER ORDERED that the LightGuard and Spot shall file simultaneous briefs on or before January 30, 2012. The Clerk of Court shall calendar this matter for a hearing.

/// /// ///
/// /// ///
/// /// ///
/// /// ///
/// /// ///

1 **IT IS SO ORDERED**.

2 DATED: January 18, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE